Choi v Linc LIC L.L.C.
2026 NY Slip Op 02919
May 12, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hyunseoung Choi, Respondent-Appellant,
v
Linc LIC L.L.C., Appellant-Respondent.

Decided and Entered: May 12, 2026
Index No. 154436/24|Appeal No. 6602|Case No. 2025-05055|
Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Belkin Burden Goldman, LLP, New York (Jeffrey L. Goldman of counsel), for appellant-respondent.
Hyunseoung Choi, respondent-appellant, pro se.

[*1]
Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered August 5, 2025, which denied defendant-landlord's motion and plaintiff-tenant's cross-motion for summary judgment, unanimously modified, on the law, to grant tenant's cross-motion as to liability and to remand for further proceedings on damages consistent with this decision, and otherwise affirmed, without costs.
The rent concessions granted by landlord did not conform to current guidance from the New York State Division of Housing and Community Renewal (DHCR), nor were they permissible under this Court's analysis of concessions offered after the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36). We have previously determined that the pre-HSTPA version of DHCR Fact Sheet #40 is no longer relevant with respect to concessions offered after the HSTPA's enactment, as DHCR amended Fact Sheet #40 shortly thereafter to remove the discussion distinguishing between preferential rents and concessions (see Viohl v Chelsea W26 LLC, 241 AD3d 1187, 1189 [1st Dept 2025]).
We read the parties' rent abatement agreement "in the light of the circumstances existing at its making" (Matter of Century Operating Corp. v Popolizio, 60 NY2d 483, 488 [1983] [internal quotation marks omitted]). These include landlord's admission in its response to tenant's notice to admit that its marketing of the apartment advertised the net effective rent to be paid after the application of the rent concessions. Further, the landlord's form rent abatement agreement provided six months of rent concessions based on "adverse conditions" identified as "Other (specify): COVID-19." Although purportedly tied to the pandemic, the six months of concessions in one lease term exceed DHCR's limit of three months (Matter of Parsons Manor LLC, DHCR Adm Rev Dckt No. GS110023RO [June 28, 2019]).
Rent Stabilization Code (9 NYCRR) § 2521.2 (a) defines a preferential rent as existing when "the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation," thus, the landlord failed to rebut tenant's showing that the concessions here functioned as a preferential rent upon which his rent increases should have been calculated (see Rent Stabilization Law of 1969 (RSL) [Administrative Code of City of NY] § 26-511 [c] [14] ["upon renewal of such lease, the amount of rent for such housing accommodation that may be charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law"]). Accordingly, the motion court should have granted summary judgment to tenant as to liability on his second and third claims for rent overcharges and related declaratory and injunctive relief.
[*2]
In residential proprietary leases, we have found unconscionable attorneys' fees provisions in which "the lease provides for attorneys' fees regardless of default or merit" (Matter of Kasowitz, Benson, Torres & Friedman, LLP v JPMorgan Chase Bank, N.A., 237 AD3d 499, 499 [1st Dept 2025], lv denied 44 NY3d 908 [2025]). The provision here is unconscionable on the same basis, as it purports to allow landlord to assess legal fees against tenant without court order based on landlord's subjective determination of "any action or inaction that would constitute a default by [tenant] under this Lease, and whether or not [landlord] brings or defends a lawsuit, arbitration, mediation or other proceeding against or by [tenant] or anyone else." Accordingly, tenant should also have been awarded summary judgment on his first claim for rent overcharge arising from landlord's charging of attorneys' fees without court order.
The enactment of Real Property Law § 234-a in 2021 underscores this rationale, as it prohibits landlords, including landlord here, from "assessing a lessee any fee, surcharge or other charges for legal services in connection with the operation or rental of a residential unit unless the owner, lessor or agent has the legal authority to do so pursuant to a court order" (Real Property Law § 234-a [a]). Rent Stabilization Law § 26-512 (g), also enacted in 2021, similarly prohibits landlords of rent stabilized apartments from assessing "any fee, surcharge or other charges for legal services in connection with the operation or rental of a residential unit unless the owner, lessor or agent has the legal authority to do so pursuant to a court order." The landlord's contention that it was permitted to assess legal fees against tenant's account absent a court order is meritless. Even before the enactment of the above statutes, "lease clauses deeming legal and late fees additional rent have been held to be unenforceable against rent stabilized tenants" (Matter of Bandil Farms Inc. v New York State Div. of Hous. and Community Renewal, 190 AD3d 403, 405 [1st Dept 2021] [internal quotation marks omitted]). Landlord's effort to overcome the presumption of willfulness based on its refund of some of the fees after the commencement of this action fails, as Rent Stabilization Law § 26-516 (a) provides that a refund offered after the commencement of an action is not considered evidence of a lack of willfulness on a landlord's part.
The landlord did not meet its burden of overcoming the presumption of willfulness by a preponderance of the evidence; therefore, an assessment of treble damages is warranted, to be calculated by the motion court in further proceedings based on this order (Rent Stabilization Law § 26-516 [a] [landlord "shall be liable to the tenant for a penalty equal to three times the amount of such overcharge" unless it "establishes by a preponderance of the evidence that the overcharge was not willful"]).
[*3]
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2026